**James F. RICH, Jr., et al., Plaintiffs**

v.

**BROOKVILLE CARRIERS, INC., et al., Defendants**

**Janice FOLSOM, Plaintiff**

v.

**BROOKVILLE CARRIERS, INC., et al., Defendants**

No. CIV. 02–113–PH, CIV. 02–173–PH.

United States District Court, D. Maine.

April 14, 2003.

Mark G. Furey, Esq., Thompson, Bull, Furey, Bass & Maccoll, LLC, P.A., Portland, ME, for James F. Rich, Jr., Cynthia B. Rich, Janice Folsom, Plaintiffs.

John S. Whitman, Esq., Richardson, Whitman, Large & Badger, Portland, ME, for Brookville Carriers, Inc., Darrel W. Pierce, Defendants.

**ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

HORNBY, District Judge.

In this lawsuit arising out a tractor-trailer/car collision, the first question is

whether the company whose freight the tractor was hauling has vicarious liability for any driver negligence. (Broadly speaking, the tractor driver owned the tractor, leased it to the company and drove it on company business.) The issue was presented first on the defendant company's motion for summary judgment, but then the parties stipulated to the underlying facts. Based upon the stipulation, I now rule as a matter of law that for vicarious liability purposes, the owner/operator was an employee of the company.

■ The parties agree that Maine law applies on this issue. In determining vicarious liability, the Maine Law Court uses the same factors that it uses in distinguishing an employee from an independent contractor for Workers Compensation Act purposes, but with a shift of emphasis, recognizing the different policies at stake. *Legassie v. Bangor Publ'g Co.*, 741 A.2d 442, 445 nn. 3–4 (Me.1999). The burden of proof is on the party asserting independent contractor status. *Murray's Case*, 130 Me. 181, 154 A. 352, 353 (1931).

■ Although there are generally eight factors to be considered in determining this question of status, "control" is the most significant criterion when vicarious liability is the issue. *Legassie*, 741 A.2d at 445 n. 4. Under the written Lease Agreement for the tractor, this owner/operator:

- had to "perform all requests from the Company unless the request would put the Contractor in violation of government regulations as determined by the Company," Joint Statement of Material Facts, ¶ 25 (Docket No. 20) ("Stipulations");

- had to obtain Company permission to carry a passenger or use a substitute driver, *Id.* ¶ 37;

- could not use the tractor for any activity other than the Company's business, *Id.* ¶ 27;

- had to comply with the Driver's Handbook (a safety manual) the same as a company employee, *Id.* ¶¶ 30, 33;

- had to call the fleet manager every day between 8 and 10 a.m. and, in addition, call whenever he was empty, in an accident, unable to keep a delivery time, involved in a dispute with a customer, or involved in delays because of traffic, weather, etc.; *Id.* ¶ 35;

- had to present his logbooks to the Company for audit and safekeeping, *Id.* ¶ 43;

- had to defer settlement of all claims to the Company, *Id.* ¶ 44.

■ Although he could choose the route he drove (he would be paid the Rand McNally mileage calculation regardless), *id.* ¶¶ 17, 36, could choose where to repair his tractor, *id.* ¶ 17, and could put his name on the tractor (in smaller letters than the Company's name), *id.* ¶¶ 17, 38, these elements of "control" in performing the job hardly meet the test of *Murray's Case:*

> An independent contractor must have under the employment some particular task assigned to him which he has a right to complete and is under obligation to complete, and must be subject to no control in the details of its doing.

154 A. at 354. Moreover, the power to terminate at any time is "incompatible with the full control of the work usually enjoyed by an independent contractor." *Id.* at 355 (quotation omitted). Here, the Company could terminate the owner/operator on one day's notice. Stipulations, ¶ 26. According to the Maine Law Court (quoting from several cases), the "most important point in determining the main question (contractor or employee) is the

right of either to terminate the relation without liability." *Murray's Case*, 154 A. at 355 (quotation and citations omitted).

Consideration of the other seven factors listed in *Murray's Case* does not change the conclusion:

1. This owner/operator did not have an independent business or a distinct calling, being 100% assigned to the Company.[1]

2. The work was part of the regular business, indeed the only business, of the Company, Stipulations, ¶ 23, and the Company employed about 117 employees to drive company-owned trucks while using about 132 owner/operators for the same purpose. *Id.* ¶¶ 9–10.

3. The owner/operator could not hire substitute drivers without the explicit permission of the Company. *Id.* ¶¶ 17(b), 37.

4. This owner/operator had been working for the Company eight months at the time of the accident. *Id.* ¶¶ 1, 12.

5. The owner/operator was obliged to furnish this particular tractor and keep it in good repair, but the Company inspected it every 45 days, at its own expense. *Id.* ¶ 42. He paid taxes, registration, fuel, and maintenance and reimbursed the Company for workers compensation payments it made on his behalf. *Id.* ¶¶ 15–16, 20.

6. Payment was according to the number of miles between points (determined by Rand McNally, regardless of the route the owner/operator actually chose). *Id.* ¶¶ 29, 36.

7. A written contract did exist for the performance of this freight hauling. *Id.* ¶ 36.

On the stipulated facts, I find that this owner/operator was an employee for purposes of determining vicarious liability.

The Company argues in the alternative that it should escape liability because it may face prejudice in a Maine court as a Canadian company, and that removing it from the lawsuit will not prejudice the occupants of the car who were injured, because the same insurance policy covers both the Company and the owner/operator of the tractor, with no difference in payment provisions flowing from who is found liable. Defs.' Joint Mot. for Partial Summ. J. at 4–5 (Docket No. 14). The argument is creative, but it lacks any legal support. If the Company is vicariously liable under the law, then it should remain a party. Companies from other countries are often in federal court, and rightly expect and receive fair treatment from judge and jury.

The defendants' motion for partial summary judgment is DENIED.

So ORDERED.

---

1. Although no stipulation uses this specific language, the record as a whole supports it. *E.g.,* Stipulations ¶¶ 11–12, 27 and 39 (At all relevant times, Pierce was under contract to Brookville; Pierce is the owner of the tractor involved in the accident; Pierce could only use that tractor for Brookville; Pierce had no authority to carry freight on his own: all of his operating authority belonged to Brookville.)